UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| STATE OF INDIANA | ) | |
| | ) | |
| v. | ) Case No. | 3:16-CR-2 JD |
| | ) | 3:16-CR-3 JD |
| DANIEL BEGLY | ) | 3:16-CR-4 JD |

**OPINION AND ORDER**

This matter is before the Court on a Notice of Removal filed by Daniel Begly. Mr. Begly is the defendant in three separate criminal cases pending in Elkhart Superior Court,[1] and he seeks to remove each of those cases to federal court pursuant to 28 U.S.C. §§ 1443 and 1455. Pursuant to 28 U.S.C. § 1443, a defendant facing criminal charges in state court can remove the action to federal court if, in pertinent part, it is an action "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). Absent good cause for an extension, a notice of removal must be filed "not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier." 28 U.S.C. § 1455(b)(1). Additionally, the notice of removal must "contain[] a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." *Id.* § 1455(a). Pursuant to 28 U.S.C. § 1455(b)(4), "The United States district court in which such notice is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."

---

[1] Case numbers 20D01-1502-F6-000169; 20D01-1506-F5-000122; and 20D01-1508-F5-000199.

The Court must summarily remand each of these actions for multiple reasons. First, Mr. Begly's notice of removal is untimely as to all three actions. As reflected in the publicly-available Chronological Case Summaries, Mr. Begly was arraigned in these cases on March 20, 2015, June 2, 2015, and August 31, 2015, respectively. However, his notice of removal was dated December 31, 2015, which is much more than 30 days after any of those arraignments. Nothing in Mr. Begly's notice of removal would support good cause for extending the deadline, so these cases must be remanded on that basis. Second, Mr. Begly failed to include a copy of any process, pleadings, or orders served upon him in the state cases, so his notice of removal is deficient for that reason, as well.

Third, Mr. Begly's notice of removal does not specify any grounds that could properly support federal jurisdiction over these cases. As just noted, § 1443(1) permits removal of state prosecutions in which the defendant "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States . . . ." 28 U.S.C. § 1443(1). "The Supreme Court has interpreted the statute to apply only if the right alleged arises under a federal law providing for civil rights *based on race* and the petitioner must show that he cannot enforce the federal right due to some formal expression of state law." *State v. Haws*, 131 F.3d 1205, 1209 (7th Cir. 1997) (emphasis added) (citing *Georgia v. Rachel*, 384 U.S. 780 (1966) and *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 621 (1979)). Here, Mr. Begly's notice of removal alleges that he has been treated unfairly and had various rights violated during the respective prosecutions. However, he does not allege that he has been denied any rights arising under a federal law providing for civil rights "based on race."[2] *Johnson v.*

---

[2] The closest Mr. Begly comes to this element is arguing that his pretrial detention violates the Thirteenth Amendment, which prohibits slavery, but that claim is too frivolous to deserve further discussion.

*Mississippi*, 421 U.S. 213, 219 (1975) ("First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" (quoting *Rachel*, 384 U.S. at 792)). Nor is there any reason to believe that Mr. Begly cannot enforce the various rights he references in the state courts. *Id.* at 220 ("[T]he vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court."). The Court therefore has no basis for jurisdiction upon which it could accept removal of these actions.

Therefore, pursuant to 28 U.S.C. § 1455(b)(4), the Court ORDERS that these cases are summarily REMANDED to the state court.

SO ORDERED.

ENTERED: January 8, 2016

/s/ JON E. DEGUILIO
Judge
United States District Court